People v Long (2018 NY Slip Op 06597)





People v Long


2018 NY Slip Op 06597


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

108749

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EDWARD A. LONG, Appellant.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


John A. Cirando, Syracuse, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered April 7, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal sale of a controlled substance in the third degree. In satisfaction thereof, he pleaded guilty to attempted criminal sale of a controlled substance in the third degree. In accordance with the terms of the plea agreement, he was sentenced to one year in jail. Defendant now appeals.
Defendant's sole challenge is to the validity of his guilty plea, which he contends was not made knowingly, voluntarily and intelligently. This claim, however, has not been preserved for our review, as the record does not disclose that defendant made an appropriate postallocution motion (see People v Tucker, 161 AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]; People v Wood, 161 AD3d 1447, 1449 [2018]; People v Rutigliano, 159 AD3d 1280, 1280 [2018], lv denied 31 NY3d 1121 [2018]). "Moreover, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt" (People v Pabon, 157 AD3d 1057, 1057 [2018], lv denied 31 NY3d 986 [2018] [citation omitted]; see People v Jackson, 159 AD3d 1276, 1276 [2018], lv denied 31 NY3d 1149 [2018]). Therefore, the judgment must be affirmed.
McCarthy, J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.